IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RUTH E. RODRIGUEZ-BORGES on behalf of her minor daughter A.G.D.R., **Appellant-Plaintiff** v. MANUEL A. DOMENECH RODRIGUEZ, *et al*, **Appellee-Defendants.** | CIVIL NO. 11-1853 (JAG) |

**OPINION AND ORDER**

Garcia-Gregory, D.J.

Appellant-Plaintiff Ruth Rodriguez-Borges ("Rodriguez-Borges") comes to us on appeal from an opinion and order issued by the Bankruptcy Court on March 29, 2011. (Docket No. 1, p.1). The lower court dismissed the case before its consideration pursuant to 11 U.S.C. § 305 and 28 U.S.C. § 1334 (c)(1), because the "controversy at hand [was] actually being litigated in the State Court." (Docket No. 1-1, pp.96-97). Before this appeal was fully briefed, however, Appellee-Defendant (the "Trustee"),[1] petitioned the Court to disqualify Luis Melendez-Albizu as counsel for Rodriguez-Borges. (Docket No. 15). After a flurry of

---

[1] As the Chapter 7 Trustee for the estate of defendant Manuel Antonio Domenech Rodriguez.

motions, Rodriguez-Borges countered with a Motion for Sanctions against the Trustee and its Attorneys, on grounds that their petition did not show there was any conflict of interest present. (Docket No. 33).

The day after filing her motion for sanctions, Rodriguez-Borges moved for voluntary dismissal without prejudice. (Docket No. 34). According to Rodriguez-Borges's account, much of the instant appeal had been rendered moot by a state court resolution in the proceedings running parallel to the bankruptcy case. (Docket No. 34). This statement was hotly disputed by the Trustee; supposedly, the state court resolution that rendered moot this appeal was issued by the state court more than a year ago, on October 8, 2010. (Docket No. 35, pp.2-3). Thus, the Trustee saw fit to petition this Court for sanctions against Rodriguez-Borges, for violations of Bankruptcy Rule 9011. (Docket No. 35, p.3).

Before the Court then are the motions for sanctions and Rodriguez-Borges's Motion for Voluntary Dismissal. For the reasons stated below, the motions for sanctions are hereby **DENIED**, and the motion for voluntary dismissal is **GRANTED**.

## ANALYSIS

The Federal Rules of Bankruptcy Procedure govern the present petition for voluntary dismissal. Specifically, when an

Civil No. 11-1853 (JAG)                                                    3

appeal is docketed before the district court, an appellant may move to dismiss the appeal by either a stipulation between the parties, or "on motion of the appellant on terms and conditions fixed by the district court." Fed. R. Bankr. P. 8001(c)(2). Here, Appellant Rodriguez-Borges has moved for voluntary dismissal without prejudice (Docket No. 34), and the Appellee has opposed, asking that the Court render the judgment with prejudice. (Docket No. 35).

We note that the docket has been fattened not by arguments and motions on the merits, but rather by squabbles between the attorneys in this case. Rather than using its scarce resources to study the instant appeal, the Court has been forced to deal with the aforementioned disputes. Rarely should a court dismiss a case with prejudice when it has not had an opportunity to pass judgment on the underlying merits of a case.[2] Pursuant to Bankruptcy Rule 8001, *supra*, this Court has discretion to set the terms and conditions of Rodriguez-Borges's petition. In the sound exercise of its discretion, the Court finds that it is not proper to enter judgment on this appeal with prejudice.

---

[2] Except, for example, when a joint stipulation has been filed by the parties. This has not happened here.

**CONCLUSION**

For these reasons, the Court **GRANTS** Rodriguez-Borges's motion for voluntary dismissal as requested, and **DENIES** the pending motions for sanctions. Accordingly, Judgment shall be entered dismissing Plaintiff's claims against Defendants **without prejudice**.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 11th day of January, 2012.

S/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge